United States District Court
Southern District of Texas
**ENTERED**
June 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. L-12-0750-1 |
| v. | § | |
| | § | CIVIL ACTION NO. 5:16-cv-0362 |
| ROBERT JACAMAN, SR. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Robert Jacaman, Sr., a federal inmate represented by counsel, filed a section 2255 motion to vacate, set aside, or correct his sentence. (Docket Entry No. 379.) The Government filed a motion to dismiss (Docket Entry No. 388), to which Defendant filed a response (Docket Entry No. 389).

Having considered the motions, the response, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** habeas relief, as explained below.

**I. Background and Claims**

Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to smuggle goods from the United States, specifically, firearm ammunition and firearm magazines. The Court sentenced him to 60 months' federal incarceration, and judgment of conviction was entered on June 30, 2014 (Docket Entry No. 313). No appeal was taken.

Defendant filed the instant section 2255 petition on September 30, 2016, and the case was reassigned to the undersigned on January 25, 2017. In the instant proceeding, Defendant contends that trial counsel provided ineffective assistance in context of

sentencing and that, but for counsel's error, there is a reasonable probability he would have received a lesser term of imprisonment. (Docket Entry No. 379-1, pp. 12–14.)

The Government argues that Defendant waived his right to pursue collateral review in his plea agreement and that this habeas proceeding should be dismissed.

## II. Legal Standards

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. Analysis

As part of his written plea agreement, Defendant signed a waiver of appeal and collateral review, wherein he agreed to the following:

> Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.
>
> Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

(Docket Entry No. 265.)

A defendant's waiver of his right to pursue relief under section 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Defendant here has provided no evidence or argument that he did not understand the implications of his plea agreement waiver, or that it was not made knowingly and voluntarily. *Id.* at 653. Moreover, Defendant's ineffective assistance of counsel claim does not affect the validity of the plea agreement waiver, as he challenges the constitutionality of counsel's performance at sentencing. *See United States v. White*, 307 F.3d 366, 343 (5th Cir. 2002).

Nevertheless, Defendant argues that the Government is prohibited from seeking enforcement of the plea agreement waiver. In support, he directs the Court's attention to the Department of Justice's ("DOJ") "New Policy to Enhance Justice Department's Commitment to Support Defendants' Right to Counsel," announced on October 14, 2014.

Under that policy, the DOJ would no longer ask criminal defendants who plead guilty to waive their right to bring future claims of ineffective assistance of counsel. As to individuals who executed waivers prior to October 14, 2014, prosecutors were to decline to enforce waivers in cases where defense counsel provided ineffective assistance resulting in prejudice or where the defendant's ineffective assistance claim raises a serious issue that a court should resolve.

The DOJ policy has no application to this case. The written plea agreement waiver in Defendant's case did not expressly waive the right to bring future claims of ineffective assistance of counsel. Even so, and as shown by the latter provision of the DOJ policy, enforcement of plea agreement waivers executed prior to October 14, 2014, is essentially left to the discretion of prosecutors, to be determined on a case-by-case basis according to the facts of each case. The Government here has exercised its discretion to enforce Defendant's waiver.

Regardless, the DOJ internal policy, being neither constitutional nor federal law, provides Defendant no habeas benefit in this proceeding and has no limiting effect on this Court's ability to enforce the waiver provision. Rather, this Court remains bound by the Fifth Circuit's decision in *White*, holding that a defendant's plea agreement waiver waives claims of ineffective assistance of counsel unless the ineffective assistance affects the validity of the waiver or plea itself. 307 F.3d at 343.

For these reasons, the Government is entitled to dismissal of Defendant's section 2255 motion as barred by his plea agreement waiver.

## IV. Evidentiary Hearing

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because the motions, responses, files, and records in this case conclusively show that Defendant is not entitled to habeas relief, no evidentiary hearing is necessary.

## V. Conclusion

The Government's motion to dismiss (Docket Entry No. 388) is **GRANTED**. Defendant's motion for relief under section 2255 (Docket Entry No. 379) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk of Court is **ORDERED TO ADMINISTRATIVELY CLOSE** Defendant's ancillary civil case in C.A. No. L-16-0362 (S.D. Tex.).

Signed at Houston, Texas, on this the 27th day of June, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE